Hon. Ricardo S. Martinez

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEFT COAST VENTURES, INC., a Delaware corporation,<br><br>                               Plaintiff,<br><br>         v.<br><br>BRIGHTSTAR, LLC, a limited liability company organized under the laws of Colorado,<br><br>                               Defendant. | No. 2:19-cv-00686-RSM<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 3), plaintiff Left Coast Ventures, Inc. ("Left Coast") and defendant Brightstar LLC ("Brightstar") (Left Coast and Brightstar collectively, "the Parties") submit this Joint Status Report and Discovery Plan.

**1.   Statement of the Nature and Complexity of the Case**

Left Coast asserts declaratory judgment and breach of contract claims against Brightstar arising from what Left Coast alleges to be a contract for the sale of membership interests in certain cannabis companies operating in Colorado.  Brightstar denies Left

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Coast's claims and has brought a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The case is not complex.

**2.  Proposed Deadline for Joining Additional Parties**

The Parties propose October 10, 2019, as the deadline for either party to move to join an additional party.  By proposing this deadline, neither party concedes that joining an additional party is warranted, and both Left Coast and Brightstar reserve their rights to oppose a motion to join an additional party.

**3.  Consent to Magistrate Judge**

No.

**4.  Discovery Plan**

**A.  Initial Disclosures**

The Parties have agreed to exchange initial disclosures on or before August 12, 2019.

**B.  Subjects, Timing, and Potential Phasing of Discovery**

The Parties anticipate taking discovery relating to each other's claims and defenses.

Brightstar believes discovery should be stayed pending resolution of its motion to dismiss.  Left Coast does not believe a stay of discovery is appropriate.

The Parties do not believe discovery should be conducted in phases.

**C.  Electronically Stored Information**

Although certain communications and other documents relevant to this case are stored electronically, at this time the Parties do not anticipate any particular issues regarding the disclosure, discovery, or preservation of electronically stored information.

**D.  Privilege Issues**

The Parties do not anticipate any unusual issues relating to the attorney-client privilege or work product doctrine.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

The Parties agree that the disclosure of attorney-client privileged communications and/or work product doctrine-protected materials will not waive the protection of the attorney-client privilege or work product doctrine provided that (1) the disclosure is inadvertent, (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure, and (3) the holder promptly takes reasonable steps to rectify the error.  The Parties agree that documents that the producing party believes contain privileged or protected information that were inadvertently produced will be destroyed by the receiving party or returned or sequestered under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved by the Court.

### E.  Proposed Limitations on Discovery

At this time, the Parties do not believe any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or under the Western District of Washington Local Civil Rules are necessary.

### F.  Need for Discovery Related Orders

The Parties may file a Stipulated Motion and [Proposed] Protective Order. The Stipulated Motion and [Proposed] Protective Order will be similar in form to the Western District of Washington Model Stipulated Protective Order.  Per LCR 26(c)(2) the Parties will provide the Court with the Stipulated Motion and [Proposed] Protective Order that identifies in redline proposed departures from the Model Stipulated Protective Order.

### 5.  Local Civil Rule 26(f)(1)

### A.  Prompt Case Resolution

The Parties will endeavor to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:19-cv-00686-RSM – Page 3

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**B.  Alternative Dispute Resolution**

The Parties have not yet determined if they will engage in alternative dispute resolution.  If they do engage in alternative dispute resolution, they would mediate.  The Parties will not engage in the individualized trial program set forth in LCR 39.2.

**C.  Related Cases**

There is no related case pending before this Court or in another jurisdiction.

**D.  Discovery Management**

At this time the Parties do not believe the number or scope of depositions should be limited beyond the limitations in the Federal Rules of Civil Procedure.  The Parties do not request a scheduling conference be held before a scheduling order is issued in this case.  At this time, the Parties do not request that the Court use an abbreviated pretrial order or issue any order than a Fed. R. Civ. P. 16(b) and LCR 16(b)(1) scheduling order.

**E.  Anticipated Discovery Sought**

See Paragraph 4(B).

**F.  Phasing of Motions**

At this time the Parties do not believe any particular phasing of motions should be ordered.

**G.  Preservation of Discoverable Information**

The Parties are preserving discoverable information.

**H.  Privilege Issues**

See Paragraph 4(D).

**I.   Model Protocol for Discovery of ESI**

See Paragraph 4(C).

At this time the Parties do not believe there is a need to adopt the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**J.   Alternatives to Model Protocol for Discovery of ESI**

As the Parties do not believe that electronically stored information will present unusual issues in this matter, the Parties have not agreed regarding protocols for the topics identified in LCR 26(f)(1)(J).  Should electronically stored information become an issue in this case, the Parties will revisit the topics identified in LCR 26(f)(1)(J).

**6.   Date by Which Discovery can be Completed**

The Parties believe discovery can be completed by March 6, 2020.

The Parties believe opening expert disclosures should be made by January 6, 2020, and rebuttal expert disclosures should be made by February 5, 2020.

**7.   Bifurcation**

The Parties do not believe the case should be bifurcated.

**8.   Pretrial Statements and Pretrial Order**

At this time the Parties do not believe the pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for the sake of economy.  The Parties will revisit potential alterations to the requirements for pretrial statements and pretrial order for the sake of economy nearer to the trial date for this case.

**9.   Other Suggestions for Shortening or Simplifying the Case**

The Parties have no other suggestions for shortening or simplifying the case, but will endeavor to work to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

**10. Date Case Will be Ready for Trial**

The Parties suggest a trial date of June 22, 2020.

**11. Whether the Trial will be Jury or Non-Jury**

Jury.

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:19-cv-00686-RSM – Page 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**12. Number of Trial Days**

The Parties anticipate that this case can be resolved in no more than five trial days.

The parties will revisit this estimate closer to the trial date.

**13. Names, Addresses, and Telephone Numbers of All Trial Counsel**

| | |
|---|---|
| **Counsel for Left Coast** | **Counsel for Brightstar** |
| Jeremy E. Roller, WSBA No. 32021 | Parker Folse, WSBA No. 24895 |
| Arete Law Group PLLC | Katherine Peaslee, WSBA No. 52881 |
| 1218 Third Avenue, Suite 2100 | Susman Godfrey L.L.P. |
| Seattle, Washington 98101 | 1201 Third Avenue, Suite 3800 |
| Phone: (206) 428-3250 | Seattle, Washington 98101 |
| Fax:     (206) 428-3251 | Phone: (206) 516-3880 |
| Email: jroller@aretelaw.com | Fax:     (206) 516-3883 |
| | Email: pfolse@susmangodfrey.com |
| |         kpeaslee@susmangodfrey.com |
| | |
| | Christopher O. Murray, WSBA No. 38651 |
| | Brownstein Hyatt Farber Schreck, LLP |
| | 410 Seventeenth Street, Suite 2200 |
| | Denver, Colorado 80202-4432 |
| | Phone: (303) 223-1183 |
| | Fax:     (303) 223-1111 |
| | Email: cmurray@bhfs.com |

**14. Trial Counsel Commitments to be Considered in Setting Trial Date**

None at this time.  Counsel will promptly advise the Court of commitments that arise that may conflict with the trial date.

**15. Status of Service on Defendant**

The defendant has been served.

**16. Scheduling Conference**

The Parties do not request a scheduling conference before the Court enters a scheduling order in this case.

**17. Corporate Disclosure Statements**

Left Coast filed its Fed. R. Civ. P. 7.1 / LCR 7.1 Corporate Disclosure Statement on May 10, 2019.  Brightstar filed its Fed. R. Civ. P. 7.1 / LCR 7.1 Corporate Disclosure Statement on May 15, 2019.

Arête LAW GROUP    1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

DATED:  June 20, 2019.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com

*Attorneys for Left Coast Ventures, Inc.*

**SUSMAN GODFREY, L.L.P**

By: */s/ Parker Folse*
Parker Folse, WSBA No. 24895
Katherine Peaslee, WSBA No. 52881
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Phone: (206) 516-3880
Fax:    (206) 516-3883
pfolse@susmangodfrey.com
kpeaslee@susmangodfrey.com

**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**

By: */s/ Christopher O. Murray*
Christopher O. Murray, WSBA No. 38651
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Phone: (303) 223-1183
Fax:    (303) 223-1111
Email: cmurray@bhfs.com

*Attorneys for Brightstar, LLC*

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

**CERTIFICATE OF SERVICE**

I, Annabel Barnes, hereby certify that on June 20, 2019, I electronically filed the

forgoing document with the Clerk of the Court using the CM/ECF system which will send a

notification of filing to the follow parties:

Parker C. Folse III, WSBA No. 24895
Katherine Peaslee, WSBA No. 52881
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Phone: (206) 516-3880
pfolse@susmangodfrey.com
kpeaslee@susmangodfrey.com

Christopher O. Murray, WSBA No. 38651
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Phone: (303) 223-1183
cmurray@bhfs.com

*Attorneys for Defendant Brightstar, LLC*

DATED this 20th day of June, 2019 at Seattle Washington.

**ARETE LAW GROUP**

*/s/ Annabel Barnes*
Annabel Barnes, Legal Assistant

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:19-cv-00686-RSM – Page 8

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250